MUNCASTER  
*v.*  
BLAND.

</div>

---

## HENRY MARKS *v.* HARMAN STEIN.

A contract, however inartificially or obscurely drawn, by which two persons agree to furnish mer_
chandise " to the concern" and stipulate that one should act as salesman and the other pass as
the proprietor, and that both should share equally in the expense and profits, constitutes a part-
nership between the parties.

And one party cannot sue the other upon an account for any specific sum, until the affairs of the
partnership have been liquidated.

APPEAL from the District Court of the parish of Carroll, *Snyder*, J.

*Selby*, for plaintiff and appellant. *Caldwell & Dubose*, for defendant.

SPOFFORD, J. We concur with the District Judge in regarding the contract between the plaintiff and defendant, as one of partnership.

The instrument in which they sought to embody their agreement is inartificially and obscurely drawn.

But it appears that both were to contribute merchandise to " a certain concerns," as they styled it; that the defendant was to be the salesman ; that the plaintiff was to pass as the proprietor ; and that both were to divide the expenses and partake equally of the profits.

This being the substance of the agreement, the defendant's exception to the suit was well taken.

The plaintiff has not sought a liquidation of the partnership affairs, but has brought an action upon an account for goods furnished, as the bills themselves recite, " to the upper store."

Even as to these goods, we find it difficult to reconcile the allegation of the petition.

The plaintiff claims to be the owner of them, and calls the defendant his agent; still he does not demand the goods themselves, but their value, as charged in his bills against the upper store, and he asserts a privilege on the goods, which he procured to be sequestered.

It is needless to consider the motion to dissolve the sequestration, as that must fall with the principal demand.

The plaintiff complains that he was condemned to pay costs, and that the defendant summoned over six witnesses, so that the costs allowed are more than he is bound to pay.

The judgment for costs is only a judgment for legal costs, which are to be taxed by the inferior courts. There is no showing in the record, that illegal costs have been taxed.

The judgment is affirmed, with costs.